UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| RUDY WILKINS,<br><br>              Plaintiff,<br><br>   v.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE; et al.,<br><br>              Defendants.<br>_____/ | No. 15-cv-1859 LB<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 1] |

## INTRODUCTION

Rudy Wilkins, an inmate at the Alameda County Santa Rita Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. (ECF No. 6.) His complaint is now before the court for review under 28 U.S.C. § 1915A. This order dismisses the complaint, and allows Mr. Wilkins to file an amended complaint.

## STATEMENT

The complaint has no statement of Mr. Wilkins's claim and consists of only a description of his efforts to exhaust administrative remedies. Attached to the complaint are twenty-one pages of inmate grievances and responses thereto.

15-cv-1859 LB
ORDER

**ANALYSIS**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Mr. Wilkins's complaint has no claims and essentially invites the reader to look through the grievances and responses to try to figure out what claims Mr. Wilkins might want to assert. The court will not read through exhibits to attempt to piece together a claim for a plaintiff. It is the duty of a plaintiff, such as Mr. Wilkins, to provide a statement that is a complete statement of the claim(s) against each of the defendants. Mr. Wilkins must file an amended complaint that sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

The exhibits to the complaint appear to concern mostly his medical care. The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison and jail officials take reasonable measures for the safety and health of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison or jail official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety or health. *See id.* at 834.[1] Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *See Estelle v.*

---

[1] The inmate's claim arises under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishment Clause of the Eighth Amendment if he was a pretrial detainee at the relevant time; however, the deliberate indifference standard still applies to the claim. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (standard of deliberate indifference applicable to pretrial detainees' medical claims).

1  *Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

2  For each instance of a constitutional violation, Mr. Wilkins should name each person who violated his constitutional right(s), describe what each person did to violate his right(s), state where the violation occurred, and state when the violation occurred.

Mr. Wilkins must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, a claim would not be stated against Corizon Health Services merely because it employed the medical care providers, and a claim would not be stated against the Alameda County Sheriff merely because he was in charge of the jail at which the alleged constitutional violations occurred. If Mr. Wilkins wants to pursue the Sheriff based on a supervisor's liability, he must make allegations in his amended complaint to support such a theory.[2] A supervisor

---

[2] If Mr. Wilkins has named the Alameda County Sheriff in an effort to sue the municipality, he needs to make additional allegations in his amended complaint to establish municipal liability. Local governments, such as Alameda County, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636-68.

may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED WITH LEAVE TO AMEND**. The amended complaint must be filed no later than **July 31, 2015**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Wilkins is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

**IT IS SO ORDERED.**

Dated: July 1, 2015

_____
LAUREL BEELER
United States Magistrate Judge