UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RUDY WILKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | Case No. 15-cv-01859-LB<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL**<br><br>[Re: ECF No. 20 ] |

## INTRODUCTION

Rudy Wilkins, currently an inmate at San Quentin State Prison, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 to complain about conditions at the Santa Rita Jail in Alameda County, where he formerly was housed. He consented to proceed before a magistrate judge. (ECF No. 6.)[1] This action is now before the court for review of the amended complaint. This order finds the amended complaint states cognizable claims against Alameda County Sheriff's deputy Ollis, orders service of process on him, and dismisses other parties as improperly joined.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

## STATEMENT

In his amended complaint, Mr. Wilkins alleges the following about events that occurred while he was an inmate at Santa Rita Jail, during which time he was "a convicted inmate." (ECF No. 20 at 3.)

In March 2013, Mr. Wilkins was receiving medical care at the jail because he had suffered a separated right shoulder, a fractured collarbone, and had "swelling pain disorder." (*Id.* at 5.)

At morning pill call on March 19, 2013, a nurse told Mr. Wilkins that his medications had not yet been renewed. Mr. Wilkins asked deputy Ollis for a grievance form twice. Deputy Ollis denied his request for a grievance form and said, "'get back to your house before I put you and that shoulder in a folded chicken wing and you will really need some medical attention.'" (*Id.* at 5-6.) When Mr. Wilkins then asked to see a doctor or be taken to a hospital, deputy Ollis refused. When Mr. Wilkins asked for deputy Ollis's name, deputy Ollis rushed at him, pushed him against a door, forcefully yanked his arms up and roughly handcuffed him, causing pain to Mr. Wilkins's already-injured shoulder. Deputy Ollis knew of Mr. Wilkins' shoulder problems at the time. Mr. Wilkins was taken to an isolation cell, where he was kept for an hour wearing the tight handcuffs. Deputy Ollis taunted him rather than obtaining the medical care Mr. Wilkins needed. Mr. Wilkins filed an unsuccessful inmate appeal about the incident.

On June 12, 2015, another deputy filed a false disciplinary report against Mr. Wilkins and announced to the housing unit that Mr. Wilkins's behavior was the cause of the absence of television, day room and phones that day.

On June 26, 2015, Mr. Wilkins went to a mental health care clinic. At the clinic, other deputies subjected Mr. Wilkins to the routine handcuffing and physical restraints applied to inmate-patients. The restraints caused Mr. Wilkins undue pain and mental anguish.

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Whenever prison or jail officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)). Liberally construed, the amended complaint states a cognizable § 1983 claim against deputy Ollis for the use of excessive force on Mr. Wilkins.

Deliberate indifference to an inmate's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison or jail official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective prong of the deliberate indifference test in a medical care claim, the plaintiff "must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks omitted). For the subjective, or "deliberate indifference" prong, the official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. The plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation and internal quotation marks omitted). Liberally construed, the amended complaint states a cognizable § 1983 claim against deputy Ollis for his

3

alleged refusal to summon medical aid for Mr. Wilkins when Mr. Wilkins needed medical attention in the isolation cell after being handcuffed by deputy Ollis.

Mr. Wilkins's allegations that he filed an inmate grievance about the events on March 19, 2013 do not state a claim for relief. Any mishandling or failure to grant Mr. Wilkins's inmate appeal does not amount to a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Prison and jail officials are not liable for a due process violation for simply failing to process an appeal properly or failing to find in a prisoner's favor.

The amended complaint also attempts to hold Sheriff Ahearn liable for the March 19, 2013 incident on a failure-to-train theory. Mr. Wilkins alleges on information and belief that Sheriff Ahearn "failed to properly train defendants . . . to ensure that they do not use excessive force against prisoners who have not done anything to provoke the use of force or who are suffering from medical health crisis episodes." (ECF No. 20 at 9-10.)  The allegations against Sheriff Ahearn are inadequate to state a claim against him because, although the court instructed him of the need to do so (*see* ECF No. 10 at 3 & n.2), Mr. Wilkins failed to plead sufficient facts regarding the specific nature of an alleged policy, custom or practice to support a claim for municipal liability. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."); *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012) (a plaintiff must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief). Mr. Wilkins also has not alleged a plausible claim against Sheriff Ahearn on a theory of supervisor liability because he has not alleged Sheriff Ahearn's personal involvement in the constitutional violation or a sufficient causal connection between his conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). Further leave to amend will not be granted because it would be futile: the court already explained what Mr. Wilkins needed to allege to state a claim for municipal liability and for supervisor

liability, and Mr. Wilkin was unable or unwilling to cure the deficiencies.

Mr. Wilkins's other claims will be dismissed as improperly joined with his claims against deputy Ollis. Under Federal Rule of Civil Procedure 20(a), all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims made no effort to show that the 24 defendants had participated in the same transaction or series of transactions or that a question of fact was common to all defendants). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)). "Instead of developing one generalized test for ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts seem to have adopted a case-by-case approach. As stated by one district court judge: 'there can be no hard and fast rule, and that the approach must be a general one of whether there are enough ultimate factual concurrences that it would be fair to the parties to require them to defend jointly [the several claims] against them.'" 7 Wright, Miller & Kane, Federal Practice and Procedure § 1653 (3d ed. 2001) (citation omitted).

Here, the amended complaint has a serious joinder problem. Deputy Ollis is sued for an incident occurring on March 19, 2013, and he is not named as a defendant for any of the other claims. Those other claims are based on events occurring more than two years after the incident with deputy Ollis. The claims against the other defendants are not "with respect to or arising out of the same . . . series of transactions or occurrences," as required for permissive joinder. See Fed. R.

Civ. P. 20(b). The claims against deputy Ollis arise out of a different occurrence from the claims against the other defendants. The other defendants (and claims against them) are not properly joined with deputy Ollis.

Dismissal of the entire action is not necessary, however, as the improper joinder problem can be solved by merely dismissing or severing the improperly joined parties. See Fed. R. Civ. P. 21. The court must conduct a prejudice analysis, including potential statute of limitations problems, before selecting dismissal over severance. *See Rush v. Sport Chalet, Inc.,* 779 F.3d 973, 975 (9th Cir. 2015). The statute of limitations for a § 1983 claim filed in California is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1. Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years for a plaintiff who is in prison "for a term less than for life." *See* Cal. Civ. Proc. Code §§ 352.1, 357. A continuously incarcerated plaintiff thus has four years to bring his action. None of Mr. Wilkins's claims would be time-barred by dismissal of the improperly joined defendants because those claims appear to be based on events occurring in and after June 2015. Mr. Wilkins appears to be many months away from the expiration of the statute of limitations deadline for him to file a new § 1983 action. Additionally, pursuing his claims in separate actions is more likely to help than hurt Mr. Wilkins because he will have extreme difficulty responding to a dispositive motion from the defendants if he pursues all of his various claims in a single action. This action has not progressed beyond the pleading stage, so there is no effort that will have been wasted in this case. For these reasons, the court finds that there would be no prejudice to Mr. Wilkins due to the dismissal of the improperly joined defendants and therefore selects dismissal over severance. Accordingly, the court will dismiss all the defendants except for deputy Ollis. The dismissal of the improperly joined defendants is without prejudice to Mr. Wilkins filing new actions asserting claims against the dismissed parties. (This is not to say that the claims against the dismissed parties are meritorious, but simply that those claims must be pursued in a separate action, if at all.)

**CONCLUSION**

1. Liberally construed, the amended complaint states cognizable § 1983 claims against deputy Ollis for excessive force and deliberate indifference to Mr. Wilkins' medical needs in violation of the Eighth Amendment. All other defendants and claims are dismissed as improperly joined; their dismissal is without prejudice to Mr. Wilkins filing one or more new actions asserting those claims against those defendants.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and attachments, a copy of all the documents in the case file, and a copy of the "consent or declination to magistrate judge jurisdiction" form upon deputy Ollis at the Santa Rita Jail.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **May 6, 2016**, the defendant must file and serve a motion for summary judgment or other dispositive motion. If the defendant is of the opinion that this case cannot be resolved by summary judgment, the defendant must so inform the court prior to the date the motion is due. If the defendant files a motion for summary judgment, the defendant must provide to the plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based on nonexhaustion of administrative remedies, the defendant must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

    b. The plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon the defendant no later than **June 3, 2016**. The plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. If the defendant wishes to file a reply brief, the reply brief must be filed and served no later than **June 17, 2016**.

4.  The plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he or she is seeking to have the case dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described above for other summary judgment motions. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the case will be dismissed and there will be no trial.

5.  All communications by the plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, the plaintiff may serve a document by mailing a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2)(B) or Local Rule 16 is required before the parties may conduct discovery.

7. The plaintiff is responsible for prosecuting this case. The plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility or is released from custody.

8. The plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the court for consideration in this case.

**IT IS SO ORDERED.**

Dated: February 10, 2015

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY WILKINS,<br><br>    Plaintiff,<br><br>v.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | Case No.  3:15-cv-01859-LB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 10, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rudy  Wilkins ID: AY 1674
San Quentin State Prison H-Unit - Dorm #2 - Bed #13
San Quentin, CA 94974

Dated: February 10, 2016

Susan Y. Soong
Clerk, United States District Court

By: /s/ L. Scott
Lashanda Scott, Deputy Clerk to the
Honorable LAUREL BEELER